NO. 07-05-0071-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 13, 2005



______________________________




OMNI AG CORPORATION,


 Appellant


v.



ADVANCED PAVEMENT MAINTENANCE, LTD.,


f/k/a ADVANCED PAVEMENT MAINTENANCE, INC.,



 Appellee


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 90,150-D; HON. DON EMERSON, PRESIDING



_______________________________


 

ON MOTION TO DISMISS



________________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Omni Ag Corporation, appellant, and Advanced Pavement Maintenance, Ltd. f/k/a
Advanced Pavement Maintenance, Inc., appellee, by and through their attorneys, have filed
a motion to dismiss this appeal because the parties have fully compromised and settled all
issues in dispute and neither desire to pursue the appeal. Without passing on the merits
of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure
42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at the parties' request, no
motion for rehearing will be entertained, and our mandate will issue forthwith. 

 

 Brian Quinn

 Chief Justice



2nd District Court
of Hale County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:
          1. whether appellant desires to prosecute the appeal; 
 2. whether appellant is indigent; and, 
3. whether the appellant is entitled to a free appellate record due to his
indigency. 

          The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk’s record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter’s record transcribing the evidence and arguments presented at the
aforementioned hearing, if any. Additionally, the district court shall then file the
supplemental records and reporter’s records transcribing the hearing with the clerk of this
court on or before March 16, 2009. Should further time be needed by the trial court to
perform these tasks, then same must be requested before March 16, 2009.
          It is so ordered.
                                                                           Per Curiam
Do not publish.